**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENNIFER MCCAMBRIDGE AND          CASE NO.:
JASON MCCAMBRIDGE

    Plaintiff,

vs.

PAYPAL CREDIT, INC.,                                DEMAND FOR JURY TRIAL

    Defendant,
_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, JENNIFER MCCAMBRIDGE and JASON MCCAMBRIDGE (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sue Defendant, PAYPAL CREDIT, INC., (hereafter "Defendant"), and state as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiffs are individuals residing in Hillsborough County, Florida.

5. Plaintiffs are consumers as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

7. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Hillsborough County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Hillsborough County, Florida, by the Defendant's placing of telephone calls to Plaintiffs' cellular telephones in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt relating to a PayPal credit card, Account No. ending in –7249, in the name of Plaintiff, Jennifer McCambridge.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12. Plaintiff, Jennifer McCambridge, revoked any prior express consent for Defendant to contact Plaintiff, Jennifer McCambridge, via cell phone or any other form of communication on January 14, 2016 at 5:51 p.m., through a facsimile transmission to Defendant. See facsimile confirmation attached as Exhibit "A."

13. In addition to the request not to be contacted by Defendant, Plaintiff, Jennifer McCambridge's, facsimile transmission directed Defendant to contact Plaintiff's attorney and included the contact information for the law firm.

14. On or about March 29, 2016, Defendant sent correspondence to Plaintiff, Jennifer McCambridge, advising that it had made several attempts to contact Plaintiff, Jennifer McCambridge, to discuss her bill. A similar letter was also sent to Plaintiff, Jennifer McCambridge, on or about April 28, 2016 and May 30, 2016. See Exhibit "B."

15. Defendant did not contact Plaintiff, Jennifer McCambridge's, attorney as directed in her letter dated January 14, 2016.

16. Plaintiff, Jennifer McCambridge, is the regular user and carrier of the cellular telephone number ending in -7510 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17. Defendant knowingly and/or willfully called Plaintiff, Jennifer McCambridge's, cellular telephone after Defendant had unequivocal notice from Plaintiff, Jennifer McCambridge, to cease any and all calls and after Plaintiff, Jennifer McCambridge, withdrew any prior consent or permission to be contacted on January 14, 2016.

18. Defendant knowingly and/or willfully called Plaintiff, Jennifer McCambridge's, cellular telephone after Defendant had unequivocal notice that Plaintiff, Jennifer McCambridge, was represented by an attorney and could readily ascertain the Firm's contact information.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff, Jennifer McCambridge, by calling Plaintiff, Jennifer McCambridge's cellular telephone after Defendant had unequivocal notice from Plaintiff, Jennifer McCambridge, to cease any and all calls.

20. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff, Jennifer McCambridge's, cellular telephone on the following dates and times listed on the call logs of Plaintiff, Jennifer McCambridge, attached as Exhibit "C."

21. Additionally, Defendant did not have prior express consent to contact Plaintiff, Jason McCambridge, who was not a party to the subject account and did not owe the alleged debt.

22. Plaintiff, Jason McCambridge, is the regular user and carrier of the cellular telephone number ending in -0876 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

23. Defendant knowingly and/or willfully called Plaintiff, Jason McCambridge's, cellular telephone even though Defendant knew that it did not have prior express consent to call Plaintiff, Jason McCambridge's cellular telephone, and that Plaintiff, Jason McCambridge, was not a party to the subject account and did not owe the alleged debt.

24. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff, Jason McCambridge's, cellular telephone on the following dates and times listed on the call logs of Plaintiff, Jason McCambridge, attached as Exhibit "D."

25. Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

26. Plaintiffs did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiffs after Plaintiffs answered the telephone call.

27. Defendant left messages on Plaintiffs' cellular telephones that started with a delay in time before the representative joined the line to leave a message.

28. Some of the voicemail messages received by Plaintiffs on their cellular telephones from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiffs.

29. Furthermore, Defendant called Plaintiff, Jennifer McCambridge's, employer in an attempt to collect the alleged debt.

30. Plaintiff, Jennifer McCambridge's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, Jennifer McCambridge, and Plaintiffs did not initiate any communications.

31. The calls from Defendant to Plaintiff, Jennifer McCambridge's, cellular telephone continued despite Plaintiff, Jennifer McCambridge, expressly revoking her consent.

32. The calls from Defendant to Plaintiff, Jason McCambridge's, cellular telephone continued despite Defendant having no prior express consent to contact Plaintiff, Jason McCambridge.

33. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

34. None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

35. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

36. Plaintiff, Jennifer McCambridge, incorporates all allegations in paragraphs 1-35 as if stated fully herein.

37. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

38. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff, Jennifer McCambridge with such frequency as can reasonably be expected to abuse or harass Plaintiff, Jennifer McCambridge.

39. Specifically, Defendant continued to make numerous telephone calls to Plaintiff, Jennifer McCambridge's, cellular telephone after being notified to no longer call Plaintiff, Jennifer McCambridge, through any means.

40. Additionally, Defendant continued to make telephone calls to Plaintiff, Jennifer McCambridge's, cellular telephone after being notified in writing not to contact Plaintiff, Jennifer McCambridge, and to direct any and all future contact to Plaintiff, Jennifer McCambridge's, attorney.

**WHEREFORE**, Plaintiff, JENNIFER MCCAMBRIDGE, demands judgment against Defendant, PAYPAL CREDIT, INC., for the following relief:

    a.    any actual damages sustained by Plaintiff, Jennifer McCambridge, as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff, Jennifer McCambridge, whole;

   d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff, Jennifer McCambridge; and

   e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

41. Plaintiff, Jason McCambridge, incorporates all allegations in paragraphs 1-35 as if stated fully herein.

42. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

43. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff, Jason McCambridge with such frequency as can reasonably be expected to abuse or harass Plaintiff, Jason McCambridge.

44. Specifically, Defendant continued to make numerous telephone calls to Plaintiff, Jason McCambridge's, cellular telephone when it knew that it did not have prior express consent to call Plaintiff, Jason McCambridge, through any means.

**WHEREFORE**, Plaintiff, JASON MCCAMBRIDGE, demands judgment against Defendant, PAYPAL CREDIT, INC., for the following relief:

   f. any actual damages sustained by Plaintiff, Jason McCambridge, as a result of the above allegations;

   g. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

   h. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff, Jason McCambridge, whole;

   i. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff, Jason McCambridge; and

   j. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(17)

  45. Plaintiff, Jennifer McCambridge incorporates all allegations in paragraphs 1-35 as if stated fully herein.

  46. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

  47. Defendant violated the FCCPA, Fla. Stat. § 559.72(17), when it knowingly communicated with Plaintiff, Jennifer McCambridge between the hours of 9 p.m. and 8 a.m. in the Plaintiff, Jennifer McCambridge's, time zone without the prior consent of the Plaintiff, Jennifer McCambridge.

  48. Specifically, Defendant placed phone calls to Plaintiff, Jennifer McCambridge's cellular telephone on April 2, 2016 between the hours of 9:00 p.m. and 8:00 a.m. E.S.T. without the prior consent of Plaintiff, Jennifer McCambridge.

  **WHEREFORE**, Plaintiff, JENNIFER MCCAMBRIDGE, demands judgment against Defendant, PAYPAL CREDIT, INC., for the following relief:

   a. any actual damages sustained by Plaintiff, Jennifer McCambridge, as a result of the above allegations;

   b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

   c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff, Jennifer McCambridge, whole;

   d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff, Jennifer McCambridge; and

   e. any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

 49. Plaintiff, Jennifer McCambridge, incorporates all allegations in paragraphs 1-35 as if stated fully herein.

 50. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

 51. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff, Jennifer McCambridge, after it knew Plaintiff, Jennifer McCambridge, was represented by counsel and could reasonably ascertain the name and address of counsel.

 52. Specifically, Defendant continued to place phone calls to Plaintiff, Jennifer McCambridge's, cellular telephone despite having actual knowledge that Plaintiff, Jennifer McCambridge, was represented by an attorney.

 **WHEREFORE**, Plaintiff, JENNIFER MCCAMBRIDGE, demands judgment against Defendant, PAYPAL CREDIT, INC., for the following relief:

   a. any actual damages sustained by Plaintiff, Jennifer McCambridge, as a result of the above allegations;

   b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

   c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff, Jennifer McCambridge, whole;

   d.  in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff, Jennifer McCambridge; and

   e.  any other relief the Court deems just and proper.

## COUNT V
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(4)

  53.  Plaintiff, Jennifer McCambridge, incorporates all allegations in paragraphs 1-35 as if stated fully herein.

  54.  Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

  55.  Defendant violated Florida Statute § 559.72(4) when it willfully communicated with Plaintiff, Jennifer McCambridge's, employer before obtaining final judgment against Plaintiff, Jennifer McCambridge, and without permission from Plaintiff, Jennifer McCambridge, to contact her employer.

  56.  Specifically, Defendant continued to make numerous telephone calls to Plaintiff, Jennifer McCambridge's, employer without ever having received permission from Plaintiff, Jennifer McCambridge, to contact her employer.

  57.  To date, Defendant has not obtained final judgment against Plaintiff, Jennifer McCambridge.

  **WHEREFORE**, Plaintiff, JENNIFER MCCAMBRIDGE, demands judgment against Defendant, PAYPAL CREDIT, INC., for the following relief:

   a.  any actual damages sustained by Plaintiff, Jennifer McCambridge, as a result of the above allegations;

   b.  statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

      c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff, Jennifer McCambridge, whole;

      d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff, Jennifer McCambridge; and

      e.      any other relief the Court deems just and proper.

## COUNT VI
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

58.    Plaintiffs incorporate all allegations in paragraphs 1-35 as if stated fully herein.

59.    Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

60.    Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

61.    Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

62.    The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, JENNIFER MCCAMBRIDGE and JASON MCCAMBRIDGE, demand judgment against Defendant, PAYPAL CREDIT, INC., for the following relief:

      a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after January 14, 2016;

      b.     an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

      c.     any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____        _____
JENNIFER MCCAMBRIDGE                                JASON MCCAMBRIDGE

STATE OF FLORIDA
COUNTY OF Hillsborough

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 21 day of Nov, 2016, by JENNIFER MCCAMBRIDGE and JASON MCCAMBRIDGE, who are personally known to me or who produced Drivers License as identification and who did take an oath.

DAVID A. CASTELLI
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG005564
Expires 10/8/2020

_____
Signature of Notary Public
Print, Type, Stamp Name of Notary

Date: November 21, 2016

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiffs**